# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

№ 06-CV-3235 (JFB) (ETB)

———————————

GRACE MCDERMOTT,

Plaintiff,

VERSUS

ANN L. SEMOLIC, M.D., AND MANSFIELD CENTER FOR NURSING AND REHABILITATION,

Defendants.

———————————

MEMORANDUM AND ORDER
October 20, 2006

———————————

JOSEPH F. BIANCO, District Judge:

Defendants Ann L. Semolic, M.D., (hereinafter "Semolic") and Mansfield Center for Nursing and Rehabilitation (hereinafter "Mansfield")[1] bring the instant motions to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Though plaintiff concedes that, based on defendants' representations, this Court does not have personal jurisdiction over defendants under New York's long-arm statute, plaintiff opposes defendants' motions to dismiss, instead seeking transfer of this action to the District of Connecticut.

---

[1] Defendant Semolic and defendant Mansfield are referred to collectively as the "defendants."

I. BACKGROUND

Plaintiff Grace McDermott (hereinafter "McDermott") filed the complaint in this action on June 30, 2006. Plaintiff claims jurisdiction based on 28 U.S.C. § 1441 on the grounds that there is complete diversity of citizenship between plaintiff and defendants.

Plaintiff resides in East Islip, New York. Defendants are residents and citizens of the state of Connecticut and do business in Connecticut. (Compl. ¶¶ 1-3.) According to the complaint, from August 2, 2004 through September 3, 2004, plaintiff went to defendant Mansfield's facility "as a patient for the purpose of receiving medical care and attention." (*Id.* ¶ 27.) Plaintiff alleges that she was the victim of medical malpractice and

negligent treatment during that period. (*Id.* ¶¶ 8-31.)

The defendants each move to dismiss plaintiff's complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff opposes the motion and seeks transfer of the case to the District of Connecticut.

## II. DISCUSSION

Plaintiff concedes, for purposes of this motion, that "if discovery were to be taken, it would confirm counsel's assertions that defendants neither do business in New York nor do they have sufficient New York contacts to subject them to long arm jurisdiction." (Pl.'s Opp. at 4.) Thus, in light of defendants' representations, plaintiff does not argue that this Court has personal jurisdiction over defendants. Instead, plaintiff argues that transfer of this case to the District of Connecticut is proper under 28 U.S.C. § 1406(a).[2] Defendants oppose transfer, arguing that transfer is improper because the interests of justice will not be served.[3] (Semolic Reply at 2.)

In addition to lack of personal jurisdiction, this Court lacks venue over this action.[4] Accordingly, the decision whether to transfer or dismiss is evaluated under 28 U.S.C. § 1406(a) and "lies within the sound discretion of the district Court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *see Songbyrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 (2d Cir. 2000) ( "[W]hether or not venue [is] proper, lack of personal jurisdiction [can] be cured by transfer to a district in which personal jurisdiction could be exercised, with the transfer authority derived from either section 1406(a) or section 1404(a)."). 28 U.S.C § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Lack of personal jurisdiction does not prevent

---

[2] Because defendants are citizens and residents of the State of Connecticut, doing business in the State of Connecticut, and the operative events relating to plaintiff's allegations all occurred in Connecticut, neither party argues that personal jurisdiction and venue will not lie in the District of Connecticut.

[3] Defendants also argue that plaintiff's action cannot be transferred pursuant to § 1631. Plaintiff, however, is not seeking transfer pursuant to § 1631 and correctly concedes that transfer pursuant to § 1631 would be improper. (Pl.'s Opp. at 8.) *Chan v. Mui,* No. 92-CV-8258 (MBM), 1993 U.S. Dist. LEXIS 14693, at *9 (S.D.N.Y. Oct. 19, 1993) ("[I]n this Circuit . . . § 1631 has been interpreted to authorize transfer to cure a lack only of subject matter jurisdiction, not of personal jurisdiction."). Rather, transfer in this case is properly analyzed under 28 U.S.C. § 1406(a).

[4] Venue is proper in a diversity action only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a).

this Court from transferring the case. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."); *see also Hartman v. Low Sec. Correctional Institution Allenwood*, No. 03-CV-5601 (DLC), 2004 WL 34514, at *3 (S.D.N.Y. Jan. 7, 2004) ("Section 1406(a) permits the transfer of a case even when the court in which the case was filed did not have personal jurisdiction over defendant."). Thus, the only issue in the instant motion is whether the interests of justice would be better served by transfer.

Defendants argue that the interests of justice will not be served by transfer because, according to defendants, plaintiff has failed to establish a good faith belief that this Court has personal jurisdiction over defendants or venue. Defendants cite a number of cases where courts have concluded that denying transfer in favor of dismissal is not an abuse of discretion. Defendants, however, point to no cases where granting a request to transfer has been found an abuse of discretion. In any event, for the reasons that follow, the Court finds that the interests of justice warrant transfer, rather than dismissal, of this case.

The statue of limitations on claims of medical malpractice in Connecticut is two years from the date the injury is sustained or discovered. CONN. GEN. STAT. § 52-584. Under New York law, the statute of limitations on claims of medical malpractice is two and a half years from the date of the act, omission or failure complained of, or last treatment where there is continuous treatment. N.Y.C.P.L.R. § 214-a. The allegedly negligent treatment complained of in the instant action occurred during the period August 2, 2004 through September 3, 2004. Plaintiff filed her complaint on June 30, 2006. Thus, the complaint was timely filed under both the Connecticut and New York statute of limitations. However, if plaintiff's case is dismissed, such that plaintiff is forced to re-file in Connecticut, there is some concern that the action will be time-barred as the events that gave rise to the action occurred over two years ago.[5]

Citing *Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392 (2d Cir. 1992), defendants argue that the possible expiration of the statute of limitations does not justify transfer of this case. In *Spar*, plaintiff initiated an action in the Supreme Court of New York which was then removed by the defendant to federal court. *Id*. at 393. The defendant then moved to dismiss the complaint as barred by the statute of limitations and plaintiff cross-moved pursuant to § 1406 for transfer to the Northern District of Illinois. *Id*. The district court held that venue was proper and that the claim was time-barred because the applicable limitations period in New York had expired. *Id.* On appeal, plaintiff argued that, notwithstanding proper venue, the action should have been transferred to the District of Illinois because it would not have been barred under Illinois' longer statute of limitations period and would have allowed adjudication on the merits. *Id.* at 393-94. The Second Circuit disagreed and

---

[5] Counsel for plaintiff filed a petition on August 2, 2006, in Connecticut requesting a ninety-day extension of the statute of limitations pursuant to Conn. Genn. Stat. § 52-190a. Regardless of whether defendants might challenge the petition, the possibility that the action is *not* time-barred in Connecticut does not alter this Court's decision to transfer the case.

3

held, "[w]hile we believe that § 1406 should be read liberally, we cannot conclude that [plaintiff], whose own failure to pursue its claim diligently and to research New York's statute of limitations has resulted in a procedural bar, should be permitted to transfer the action and essentially forum shop." *Id*. at 393. The Court in *Spar* emphasized concerns of forum shopping and focused on plaintiff's lack of diligence in researching New York's statute of limitations.

This Court finds that the concerns of forum shopping enunciated in *Spar* are not present in the instant action. Specifically, the Court in *Spar* was concerned with rewarding plaintiff's own error in failing to timely file the complaint by transferring the case to another district, where the action was not time barred. Here, plaintiff's complaint was timely filed under both the New York and Connecticut statute of limitations. The plaintiff in this case is not seeking transfer to avoid a statute of limitations defect present in this forum. Rather, plaintiff seeks transfer to avoid a possible statute of limitations defect in Connecticut as a result of timely filing in the wrong forum. It is evident, however, that plaintiff did not seek to circumvent the shorter statute of limitations in Connecticut by originally filing the action in New York and then seeking transfer because the date the action was originally filed would have been timely under Connecticut's shorter limitations period. Thus, concerns regarding forum shopping for statute of limitations purposes are not present. *See Irwin v. Mahnke*, 2006 WL 691993, at *6 ("[T]ransfer would not be in the interest of justice where it would reward a plaintiff for lack of diligence in choosing a proper forum, i.e., where a non-diligent plaintiff files an action in an improper forum to avoid a statute of limitations defect through a venue transfer.") (citing *Spar, Inc.*, 956 F.2d at 394-95).

The Second Circuit has held that "[a] 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Given the functional purpose of 28 U.S.C. § 1406(a) is to eliminate impediments to the timely disposition of cases and controversies on their merits, the transfer of this action, when the statute of limitations has run, is in the interest of justice.") (internal citation omitted); *Open Solutions Imaging Sys., Inc. v. Horn*, No. 03-CV-2077, 2004 WL 1683158, at *7 (D. Conn. July 27, 2004) (noting that most courts conclude that it is in the interest of justice to transfer rather than to dismiss a case, especially if the statute of limitations has run). This compelling reason for transfer is present in this case.

Further, putting aside the possible statute of limitations problem, the Court finds that transfer of this case rather than dismissal promotes expeditious and orderly adjudication of this case on the merits. *See Goldwar*, 369 U.S. at 466-67 ("[Section 1406(a)] is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years - that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits.").

Accordingly, because the Court finds that the interests of justice are furthered by transferring this action as opposed to dismissing it, defendants' motion to dismiss is denied and this action is hereby transferred to

4

the District of Connecticut.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is denied and this case is transferred to the United State District Court for the District of Connecticut pursuant to 28 U.S.C. § 1406(a). The Clerk of the Court is hereby directed to send a certified copy of this Memorandum and Order and any original documents filed in this action to the Clerk of the Court for the United States District Court for the District of Connecticut.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: October 20, 2006
Central Islip, New York

\* \* \*

Attorney for plaintiff is Ted J. Tanenbaum, Esq., of Meyer, Suozzi, English & Klein, 1505 Kellum Place, P.O. Box 803, Mineola, New York 11501. Attorney for defendant Ann L. Semolic, M.D. is Scott M. Zimmerman, Esq., of Heidell, Pittoni, Murphy & Bach, LLP, 99 Park Avenue, New York, New York 10016. Attorney for defendant Mansfield Center for Nursing & Rehabilitation is John D. Katz, Esq., of Catalano, Gallardo, & Petropoulus, LLP, 100 Jericho Quadrangle, Suite 214, Jericho, New York 11753.